UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK, Petitioner, v. UNKNOWN, Respondent. | Case No. 2:26-cv-3525-JDP (P) ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. He argues that the state court erred in denying his petition for resentencing under Cal. Penal Code § 1172.6. *Id.* at 5. This claim sounds only in state law and, thus, cannot give rise to a viable federal habeas claim. Accordingly, I recommend that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's sole claim appears to be that state courts erred in denying his petition for

resentencing under Cal. Penal Code § 1172.6. ECF No. 1 at 5. But "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780606 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). And courts in this district have held that adjudication of a California 1172.6 petition sounds solely in state law. *See Benjamin v. Pierce*, No. 8:25-cv-2671-KK-JDE, 2026 U.S. Dist. LEXIS 156027, *6 (C.D. Cal. Jun. 3, 2026) ("Petitioner's resentencing eligibility under Section 1172.6 is an issue of state law not cognizable on federal habeas review."). Given that no amendment appears capable of saving this claim, I now recommend that it be dismissed.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

Further, it is RECOMMENDED that:

1. The first petition for writ of habeas corpus, ECF No. 1, be DISMISSED for failure to state a cognizable federal habeas claim.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE